UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES KEVIN MOHAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS DEL TORO,<br><br>　　　　　Defendant. | CASE NO. 3:21-cv-05848-JHC<br><br>ORDER |

　　　This matter comes before the Court on Defendant's Motion for Summary Judgment. Dkt. # 16. The Court has considered the submissions in support of, and in opposition to, the motion, the applicable law, and the case file. Being fully advised, the Court DENIES the motion.

　　　Plaintiff sues Defendant for wrongful denial of reasonable accommodation and wrongful termination under the Rehabilitation Act of 1973. Dkt. # 1 at 7. The only issue on summary judgment is whether Plaintiff was an "individual with a disability" under the Americans with Disabilities Act (ADA) at the time he was denied accommodations and terminated. *See* Dkt. # 16; *cf. Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) ("The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the [ADA]").

ORDER - 1

According to the ADA, an individual is disabled if that individual (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g).[1] For summary judgment to be appropriate, there must be no genuine issue of material fact on whether Plaintiff has an impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007); *Scott v. Harris*, 550 U.S. 372, 378 (2007) (the Court is "required to view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party."); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000) (if the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of such a dispute in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense).

A. Physical or mental impairment that substantially limits a major life activity

    1. Physical or mental impairment

Under the ADA, a "physical or mental impairment" includes "any mental or psychological disorder, such as an intellectual disability . . . emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h).

---

[1] Defendant argues that subsection (C) is irrelevant because 42 U.S.C. § 12201(h) provides that an employer "need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section." Dkt. # 16 at 7. The Court concludes that Plaintiff has met the test under the first two prongs, which creates a sufficient basis for denying summary judgment on his failure to accommodate claim. But the Court notes that Plaintiff also alleges a wrongful termination claim, *see* Dkt. # 1 at 1, 7, and Defendant has not cited an analogous provision for that claim.

ORDER - 2

Plaintiff claims he suffers from attention deficit disorder (ADD) and dyslexia. Dkt. # 17–1 at 2, 17–2 at 3–5. Emily Anderson, MS CC-SLP,[2] evaluated Plaintiff in 2017. Dkt. # 20 at 95–103. She noted that he struggled to complete timed tasks, had limited memory retention, and exhibited "reduced processing speed and visual processing ability." *Id.* In April 2019, Plaintiff's primary care physician Jean Marie Riquelme noted that he had suffered from moderate dyslexia and attention deficit disorder since age 4–5. Dkt. # 20 at 190. And in November 2019 Dr. Riquelme again documented diagnoses of "attention deficit disorder (ADD) without hyperactivity" and "acquired dyslexia." Dkt. # 17–9 at 2. Viewing the evidence, and reasonable inferences therefrom, in the light most favorable to the non-moving party (accepting that these statements may be true), there is a genuine issue of material fact on whether Plaintiff had a mental impairment.[3]

2. Substantially limited major life activities

A major life activity is a function such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 42 U.S.C. § 12102(2)(A). "Substantially limits" is not meant to be a demanding standard, and an impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(i)–(ii).

Emily Anderson's 2017 evaluation states that Plaintiff was referred for an evaluation because his learning, reading, and information retention abilities were "impacting his work

---

[2] Certificate of Clinical Competence in Speech Language Pathology
[3] Defendant concedes that "learning disabilities, such as dyslexia and ADD, are recognized as possible impairments under the ADA." Dkt. # 16 at 8 (citing 29 C.F.R. § 1630(h)(2)).

ORDER - 3

function." Dkt. # 20 at 95 (noting "referral concerns"). She suggested work-place accommodations "targeting [Plaintiff]'s processing speed and visual processing weaknesses." *Id.* at 103. In April 2019, when asked to describe "how the medical condition impacts [Plaintiff's] ability to perform the job duties in the workplace," and the "functional limitations . . . his medical condition produce[s] that may impact his ability to perform the duties of his position," Dr. Riquelme wrote, "easily distracted by noise, difficult to multitask, copes by isolating self to improve concentration . . . requires fewer interruption to complete tasks successfully. Needs increased time for tasks requiring reading." Dkt. # 20 at 190. She also noted in November 2019, with respect to Plaintiff's ADD, "Over the years [he] has developed a lot of organizational tricks to keep on task . . . but . . . [t]hese skills did not help in a hostile, loud work environment where he felt pressured to abandon his m[e]thods of control." Dkt. # 17–9 at 3. Based on these statements, the Court concludes that there is a genuine issue of material fact about whether Plaintiff's impairment substantially limited his ability to work.

      B. Record of an impairment that substantially limits a major life activity

      To have a record of an impairment that substantially limits a major life activity means to have "a history of, or [have] been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). Whether an individual has a record of an impairment that substantially limited a major life activity should be construed broadly and "should not demand extensive analysis." *Id.*

      Plaintiff's 2019 diagnoses by his primary care physician, along with the 2017 evaluation conducted by Emily Anderson, establish a genuine issue of material fact about whether he had a record of an impairment that substantially limited his ability to work. *See supra.*

C. Regarded as having an impairment

An individual is "regarded as having such an impairment" if the individual establishes that he or she has faced a prohibited action "because of an actual or perceived physical or mental impairment whether or not that impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

In response to Plaintiff's request for a reasonable accommodation, Defendant assembled a Reasonable Accommodation Advisory Team (RAAT) to evaluate whether he was a qualified individual with a disability under the Rehabilitation Act. *See* Dkt. # 20 at 173 (procedures for processing requests for reasonable accommodation). The RAAT met on May 1, 2019, and made these findings, as summarized in a "Disability Analysis" form:

1) Does the person have a physical or mental impairment?  YES

2) Is the employee regarded as having a disability?  YES

3) Does the employee have a record of a disability that substantially limits a major life activity?  YES

Dkt. # 20 at 197. The form then asks the team to identify the major life activity affected. Next to "Nerological [sic] function," the team noted, "Dyslexia; ADD" and added in comments, "Cannot manage multitasking, interruptions, timelines." *Id.* The team then answered these questions:

4) Does the impairment substantially limit a major life activity?  YES

5) Is the person a qualified individual with a disability for their current position or other vacant positions for which they qualify?  YES

*Id.* In October 2020, Plaintiff's supervisor Marvin Young issued him a notice stating, "Although you are a qualified individual with a disability under the Rehabilitation Act of 1973, there is no accommodation that we can provide that will enable you to perform the essential functions of your current position of record . . ." Dkt. # 20 at 199. And in May 2021, Young issued Plaintiff

ORDER - 5

a Notice of Proposed Removal, charging him with "inability to perform the essential functions of position as a result of a medical condition." *Id.* at 210. The notice referenced the October 8, 2020, letter. *Id.* When Plaintiff appealed the removal to the Merit Systems Protection Board, Defendant contended that the removal was "based on [Plaintiff's] mental deficiencies and the agency's inability to accommodate them in his position of record or to find an alternate vacant position for which he was qualified and with duties he could perform." Dkt. # 20 at 228–29. Based on Defendant's repeated statements that Plaintiff had an impairment that substantially limited his ability to work, the Court concludes that there is a genuine issue of material fact as to whether he was "regarded as having an impairment" within the meaning of the ADA.

      Plaintiff has provided sufficient evidence to survive summary judgment on any of the three ADA tests for whether he was an individual with a disability. Defendant does not move for summary judgment on any other issue. *See generally* Dkt. # 16.[4] The Court therefore DENIES Defendant's motion.

      Dated this 25th day of April, 2023.

*John H. Chun* (signature)

John H. Chun
United States District Judge

---

[4] Defendant briefly argues at the end of their motion that "[a]lthough [Plaintiff] claims that the Shipyard's actions resulted in a wrongful termination, [Plaintiff's] only cause of action is a failure to accommodate, not a claim of disparate treatment." Dkt. # 16 at 11. Defendant's argument for dismissal appears to be based on the position that a wrongful termination claim under the ADA must rely on a "disparate treatment" theory, and that a disparate treatment cause of action requires comparator evidence. *See generally id.* Defendant provides no support for either of these contentions, and therefore has not met their burden on summary judgment to either "produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan,* 210 F.3d at 1102.

ORDER - 6